UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE RED PROTSMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>WARDEN, et al.,<br><br>    Defendants. | No. 2:19-cv-2446 KJN P<br><br><br><br>ORDER |

    Plaintiff is a state prisoner, proceeding pro se, in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not

1

establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Additionally, Plaintiff has filed a motion for a sixty-day extension of time to file an amended complaint. Plaintiff alleges, in part, that he has gone out for right hand ring finger surgery and must seek others to write for him. Good cause appearing, plaintiff is granted a sixty-day extension of time to file an amended complaint. However, no further extensions of time will be granted but for a showing of substantial cause.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 8) is denied without prejudice;

2. Plaintiff's motion for an extension of time (ECF No. 8) is granted; and

3. Plaintiff is granted sixty days from the date of this order in which to file an amended complaint.

Dated: February 6, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

prot2446.31+36